ABUNDIUS A. BRULE *vs.* BOARD OF ALDERMEN OF CITY OF CENTRAL FALLS *et al.*

DECEMBER 3, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is a petition for a writ of *certiorari* to quash certain records made by the board of aldermen

of the city of Central Falls. The writ was issued and the records complained of have been certified to this court.

March 6, 1933, said board of aldermen at a regular meeting unanimously reelected petitioner to the office of superintendent of highways and sewers "for the ensuing two years." He continued to perform the duties of his office until October 16, 1934, when, at an adjourned special meeting, a majority of said board of aldermen voted that the charge against petitioner for insubordination, as preferred by the board of street, water and sewer commissioners, be sustained and that he be discharged from said office of superintendent of highways and sewers. The board then voted that Clarence V. Blais be elected to the office of superintendent of highways and sewers to fill the unexpired term of petitioner who had been removed from said office.

The board of aldermen recognized petitioner's right to be heard upon the charges preferred against him and gave him notice that the charges would be taken up at a meeting to be held October 16. Petitioner and his attorney appeared at this meeting. A majority of the board voted that petitioner was not entitled to be represented by counsel at the hearing. Petitioner's attorney then filed a protest against any action being taken upon the charges alleged against petitioner and he and his attorney left the meeting and did not return. The board then voted that the charges be sustained and discharged petitioner and elected his successor. Petitioner alleges that all of said votes passed by the board are illegal and void.

Petitioner was elected to a public office for a definite term and could be removed therefrom only by "due process of law." *McCarthy* v. *Board of Aldermen of Central Falls*, 38 R. I. 385. 43 C. J. 665–666. The hearing upon the charges was judicial in its nature and should have been conducted in accordance with the fundamental principles which are inherent in the "due process of law." One of these principles is the right of the accused to have the assistance of counsel in his defense. The vote of the board deprived

474

petitioner of this right and consequently the vote must be held to be void.

The charge of insubordination was that October 1, the board of street, water and sewer commissioners instructed petitioner to at once transfer and change two men who were subject to his control; and that petitioner made it clear that he did not intend to do so. We find no authority in the ordinances of the city giving this board authority to dictate to the superintendent of highways and sewers as to whom he shall employ or discharge. The hiring and discharging of all workmen engaged in the department of highways and sewers in said city and the responsibility for the conduct of their work is expressly imposed by city ordinance upon the superintendent of highways and sewers. (Chap. 132.) The superintendent is bound by this ordinance and is not required to obey any rules of the board of street, water and sewer commissioners which may conflict with said ordinance. He has the sole right to hire, discharge and direct these workmen. The board exceeded their power when they instructed the superintendent to transfer and change the two men who were subject to his control.

For these reasons the votes of the board of aldermen, passed at the meeting of October 16, 1934, that the petitioner is not entitled to be heard by counsel, that he be removed from the office of superintendent of highways and sewers and that Clarence V. Blais be elected to said office, are ordered quashed.

*Woolley & Blais, for* petitioner.
*Zygmunt J. Czubak, City Solicitor,* for respondents.